[No. 6,993.]

## HILL *v.* FINNIGAN.

APPEAL—MOTION TO DISMISS—FRACTION OF A DAY.—Where notice of motion to dismiss an appeal, under Rule 2, was served on appellant's attorneys, and the transcript was filed the same day, but it was controverted which of the acts was prior in point of time: *Held*, that the Court would not look into the fraction of a day in order to dismiss an appeal.

ID.—UNDERTAKING ON APPEAL—JUSTIFICATION.—The failure of the sureties on an undertaking on appeal to justify, after an exception to their pecuniary sufficiency has been taken, does not render the appeal ineffectual.

ID.—DIMINUTION OF RECORD.—Where a second appeal was taken, under the erroneous supposition that the first had become ineffectual, and the transcript filed contained the second, and not the first notice of appeal: *Held*, that the record might be amended, upon a suggestion of diminution, by inserting the first in lieu of the second notice.

ID.—TECHNICAL OBJECTIONS.—The Court is not disposed to dismiss appeals on technical objections.

MOTION to dismiss appeal.

The facts are stated in the opinion.

*Geo. R. B. Hayes,* and *Alex. Campbell,* for the motion.

The first appeal was not affected by the failure of the sureties to justify. (Code Civ. Proc. §§ 940, 948; *Schacht* v. *Odell,* 52 Cal. 449.) The second appeal was therefore a nullity.

(*Kirk* v. *Reynolds*, 12 Cal. 99.) The time to file the transcript on the first appeal expired before the service of the notice to dismiss, and we are entitled to a dismissal under the rules of this Court. (*Welch* v. *Kenny*, 47 Cal. 414; *In re Fifteenth Av. Ex.* Jan. T., 1880; *Hagar* v. *Mead*, 25 Cal. 600, 601.) The transcript filed is a transcript on the second appeal only, and cannot be made to serve the purpose of any other appeal.

*Lloyd & Newlands*, and *Wm. H. Sharp*, for Appellant.

The case stands in this position: An incomplete record has been filed, and the appellant seeks the exercise of the discretion of this Court to allow him to supply the missing papers. (*Pickett* v. *Wallace*, 54 Cal. 147.)

The case cannot be distinguished in principle from *Dowling* v. *Moore*, 19 Cal. 81; *Gordon* v. *Wansey*, Id. 82.

Department No. 1, Ross, J. :

In this cause, judgment was entered in the Court below against the defendant on the 12th day of August, 1879; and he having made a motion for a new trial, an order was entered on the 5th of December denying the motion. On the 23rd of December, the defendant served and filed a notice of appeal to this Court from the judgment and order, and on the same day filed an undertaking on appeal. On the 29th of December, the plaintiff filed a notice of exception to the sufficiency of the sureties on the undertaking, and the sureties failed to justify. On the 3rd day of February, 1880, the defendant, erroneously supposing that the appeal already taken had become ineffectual by reason of the failure of the sureties to justify, served and filed another notice of appeal from the judgment and order, and another undertaking.

Rule 2 of this Court prescribes that appellant must "within forty days after the appeal is perfected, and the bill of exceptions and the statement (if there be any) are settled, serve and file the printed transcript of the record, duly certified to be correct by the attorneys of the respective parties, or by the clerk of the court from which the appeal is taken."

Rule 3 is as follows: "If the transcript of the record be not filed within the time prescribed, the appeal may be dismissed, on motion, upon notice given. If the transcript, though not filed within the time prescribed, be on file at the time the notice of the motion is given, that fact shall be a sufficient answer to the motion."

No transcript in this case having been filed, the respondent on the 17th day of February, 1880, served and filed a notice of motion to dismiss the appeal taken on the 23rd day of December, on the ground that no transcript had been filed within the time prescribed by Rule 2; and also, to dismiss the appeal taken on the 3rd day of February, on the ground that there was no case then pending in the Court below from which an appeal could be taken. In the certificate of the clerk, upon which this motion to dismiss is based, and from which the facts above stated are taken, appears the following: "That on the 14th day of February, 1880, appellant received from me a duly certified transcript of the record in said action, which contained the notice of appeal served and filed on the 3rd day of February, 1880, and a certificate that the undertaking on appeal filed on said 3rd day of February, 1880, had been properly filed in said action on the 3rd day of February, 1880, and was in due form of law; but said transcript did not contain the notice of appeal served and filed on the 23rd day of December, 1879, nor any copy of or certificate as to the undertaking on appeal filed on said 23rd day of December, 1879; and that said transcript is the only one received by said appellant from me, and is the only transcript which appellant has requested me to certify to in this action."

On the day the notice of motion to dismiss was served and filed—that is to say, on the 17th day of February—the printed transcript was filed with the Clerk of this Court. Some controversy exists between the respective parties as to which of these acts was prior in point of time, but we will not look into the fractions of a day for the purpose of dismissing an appeal. (*St. John* v. *Meyerstein*, No. 5,856, not reported.) Without determining, therefore, this disputed fact, it must be considered that the transcript was on file at the time the notice of motion to dismiss was given.

On the hearing of the motion, appellant's counsel suggested a diminution of the record, and asked to have inserted in the transcript a certified copy, which he produced, of the notice and undertaking on appeal, filed on the 23rd of December, pursuant to Rule 12, which provides that "for the purpose of correcting any error or defect in the transcript, either party may suggest the same in writing, and upon good cause shown, obtain an order that the proper clerk certify to this Court the whole or part of the record, as may be required, or may produce the same duly certified, without such order."

This application on the part of appellant was resisted by respondent, who urges that the transcript on file only relates to the appeal attempted to be taken on the 3rd day of February, which, it is claimed, was a separate and independent appeal, and cannot have any relation to the appeal of the 23rd of December; and that there being (in his view) no transcript on file so far as the first appeal is concerned, he is, under the rules, entitled to its dismissal, as well as to the dismissal of the last appeal.

It was held in *Schacht* v. *Odell*, 52 Cal. 449, that the failure of the sureties on an undertaking on appeal to justify, after an exception to their pecuniary sufficiency had been taken, did not render the appeal ineffectual. The appeal taken in this case, on the 23rd of December, was therefore a valid one, and vested this Court with jurisdiction of the cause. It follows that the attempted appeal of February 3rd was a nullity, for there was nothing then pending in the District Court from which an appeal could be taken.

Now the appellant has taken a valid appeal to this Court. And he has, and had, on the day the notice of motion to dismiss was given, on file with the clerk a certified transcript of the record in the action, with the exception of a copy of the notice of appeal and of the undertaking on appeal. This is shown by the certificate upon which the motion to dismiss is based, which in terms declares that on the 14th of February, 1880, the Clerk of the Court below furnished appellant with "*a duly certified transcript of the record in said action*," containing the notice and undertaking filed February 3rd, but not that filed December 23rd. It is a complete record, with that exception,

and the omitted matter is sought to be supplied by appellant, upon suggestion of diminution, under Rule 12.   No good reason exists why he should not be allowed to do so. He desired to appeal, and succeeded in taking a valid appeal from the judgment and order against him, and has brought up and filed here a record, which can be made complete by the insertion of the first instead of the last notice and undertaking.   The circumstance that he was in error in supposing that his right to be heard in the Appellate Court depended upon the last rather than the first notice and undertaking is of no consequence.   The error can be cured in the mode suggested, without prejudice to any substantial right of respondent.   We are not disposed to dismiss appeals upon technical objections.

Appeal of February 3rd, 1880, dismissed.   Motion of appellant to insert in transcript on file the notice of appeal and undertaking on appeal filed December 23rd, 1879, allowed, and motion of respondent to dismiss said appeal denied.

McKINSTRY, P. J., and McKEE, J., concurred.