[No. 11529.   In Bank. — July 30, 1886.]

## MARTHA BROWN, RESPONDENT, *v.* EUGENE R. PLUMMER, APPELLANT.

APPEAL FROM JUDGMENT — SECOND APPEAL IS VOID — DISMISSAL. — Where an appeal from a judgment has been regularly taken and perfected by an undertaking, and is pending in the Supreme Court, a second appeal from the judgment, attempted to be taken by the same party, is a nullity, and will be dismissed.

APPEAL from a judgment of the Superior Court of Los Angeles County.

Motion to dismiss appeal. The facts are stated in the opinion of the court.

*Edwin Baxter*, for Appellant.

*Bicknell & White*, and *C. Cabot*, for Respondent.

THORNTON, J.— Motion to dismiss an appeal.

In this case there were two appeals from a judgment taken by defendant, one on the 28th of January, 1886,

and the other on the 1st of March following.  The judgment was entered on the 4th of January, 1886.

The respondent (plaintiff below) moved to dismiss both appeals in one and the same notice.  The motion to dismiss the appeal of the 28th of January was made on the ground that the party appealing did not file the transcript in time.  The motion to dismiss the appeal of the 1st of March was made on the ground that the first appeal was pending when the second was taken.

The motions came on to be heard on the 7th of April last, and the appeal first taken was ordered to be dismissed on the ground above stated.

As to the second appeal, it is urged that as such appeal was taken while the first was pending, it was a nullity, as there cannot be two appeals pending at the same time from the same judgment.

It appears that the first appeal was in all respects regularly taken and perfected by an undertaking on appeal. When the second appeal was taken, the time for filing the transcript on the first appeal had not expired.  The first appeal was then a valid, existing appeal to this court.

In *Hill* v. *Finnigan*, 54 Cal. 312, 313, a judgment was entered in the court below on the 12th of August, 1879, and on the 5th of December an order was entered denying a motion for a new trial.  On the 23d of December the defendant served and filed a notice of appeal from the judgment and order, and on the same day filed an undertaking on appeal.  An exception to the sureties on the undertaking was filed, and the sureties failed to justify.  On the 3d of February, 1880, the defendant, erroneously supposing that the appeal first taken had become ineffectual by reason of the failure of the sureties to justify, served and filed another notice of appeal from the judgment and order, and another undertaking.

This court (Department One) held that the failure of the sureties to justify did not render the appeal ineffectual, that the appeal of the 23d of December was a valid

one, and vested this court with jurisdiction of the cause. The opinion as to the second appeal thus proceeds: "It follows that the attempted appeal of February 3d was a nullity, for there was nothing then pending in the District Court from which an appeal could be taken." (54 Cal. 314.)

Concurring in the rule laid down in the case cited, and the reasons given for it, we must hold that the appeal in this case taken on the 1st of March was a nullity, as the appeal of the 28th of January was valid and binding when the appeal of the first of March was taken, and on the day last named there was nothing in the court below from which an appeal could be taken.

It follows from the foregoing that the appeal of the 1st of March must be dismissed.

So ordered.

MYRICK, J., McKINSTRY, J., ROSS, J., SHARPSTEIN, J., MORRISON, C. J., and McKEE, J., concurred.