(June 17, 1910.)

## GEORGE A. RICHARDSON, Respondent, v. JOSEPH D. BOHNEY et al., Appellants.

[109 Pac. 727.]

TRANSCRIPT — MOTION TO STRIKE AND SUBSTITUTE — PRINTING TRANSCRIPT — RULES OF COURT — APPEAL FROM ORDER — AMENDMENT OF ORDER AFTER APPEAL — JURISDICTION OF COURT.

(Syllabus by the court.)

1. It is the duty of counsel to have their transcripts on appeal printed in accordance with the rules of the court.

2. After an order refusing to settle a bill of exceptions has been appealed from, it is then too late for the trial court to amend such order, as it loses jurisdiction in the matter when the appeal is taken. In such case a motion to substitute an amended order for the original will be denied.

3. The preparation and settlement of a statement or bill of exceptions is a proceeding within the meaning of the term "proceeding" as used in sec. 4229, Rev. Codes.

4. Where application is made to the court to settle a bill of exceptions after the time has expired for serving the same, on the ground of mistake, inadvertence or excusable neglect, and the court finds that the bill was not served in time by reason of mistake, inadvertence, surprise or excusable neglect, it is the duty of the court to grant relief from such default.

5. Where an appeal is taken from an order, the trial court has no jurisdiction to change or correct such order after the appeal therefrom has been taken, at least until the case is remanded and jurisdiction is again obtained.

APPEAL from the District Court of the Sixth Judicial District, for Fremont County. Hon. J. M. Stevens, Judge.

Application to have a bill of exceptions settled. Denied. *Reversed.*

J. D. Millsaps, for Appellants.

A bill of exceptions is a proceeding within the meaning of sec. 4229, Rev. Codes, which is identical with sec. 473, Code of Civil Procedure of Cal. (*Lukes v. Logan,* 66 Cal. 33, 4

Pac. 883; *Irwin v. Bank,* 6 Ohio St. 86; *Wilson v. Allen,* 3 How. Pr. 371; *Rich v. Husson,* 1 Duer, 620; *Wilson v. Macklin,* 7 Neb. 52; *Strong v. Hardenburgh,* 25 How. Pr. 438; *Pollitz v. Wickersham,* 150 Cal. 238, 88 Pac. 911; *Stonesifer v. Kilburn,* 94 Cal. 33, 29 Pac. 332; *Banta v. Siller,* 121 Cal. 414, 53 Pac. 935; *Vinston v. Los Angeles Ry. Co.,* 147 Cal. 479, 82 Pac. 53; *Cole v. Wilcox,* 99 Cal. 549, 34 Pac. 114; *Sandstrom v. Smith,* 11 Ida. 779, 84 Pac. 1060.)

Soule & Soule, for Respondent.

If the time for the preparation and service of a bill of exceptions has expired, the court has lost jurisdiction to extend that time, and it cannot under any circumstances be extended. (*Sandstrom v. Smith,* 11 Ida. 779, 84 Pac. 1060; *Hoehnan v. New York Drygoods Co.,* 8 Ida. 66, 67 Pac. 796; *Simpson v. Pioneer Irr. Dist.,* 17 Ida. 435, 106 Pac. 1.)

Ignorance of the law is no excuse. The courts in the following cases refused to relieve laymen from a condition caused by ignorance of law. Why, then, relieve a member of the bar? (*Chase v. Swain,* 9 Cal. 130; *Dusy v. Prudom,* 95 Cal. 646, 30 Pac. 798; *Harper v. Mallory,* 4 Nev. 447; *Chaffin v. Fulkerson,* 95 Ky. 277, 24 S. W. 1066; *Beekman v. Franker,* 3 Caines, 95; *Abrams v. Virginia F. Ins. Co.,* 93 N. C. 60; *Sherman v. Jorgenson,* 106 Cal. 483, 39 Pac. 863.)

When it subsequently is made to appear to the trial court that an order has been made or entered which does not correctly state his decision, he has authority to correct it. (*Whitney v. Superior Court,* 147 Cal. 536, 82 Pac. 37; *O'Brien v. O'Brien,* 124 Cal. 422, 57 Pac. 225; *Canadian A. M. & T. Co. v. Clarita L. & L. Co.,* 140 Cal. 672, 74 Pac. 301.)

SULLIVAN, C. J.—This is an appeal from an order made by the trial judge denying defendants' motion to settle, allow and certify the defendants' proposed bill of exceptions with amendments thereto. Said motion was made on the ground that the failure to serve said bill of exceptions within due time was on account of mistake, surprise, inadvertence and

excusable neglect of one of the attorneys for defendants. It appears from the record that judgment was entered against the defendants on the 14th day of July, 1909, and that a stipulation was entered into by respective counsel to the effect that either party might have ninety days from the entry of the judgment in which to prepare and serve a bill of exceptions on motion for a new trial, and the proposed bill of exceptions was not served upon opposing counsel until the 14th day of October, 1909, two days after the time allowed by said stipulation for serving the same had expired. Counsel for respondent interposed objections to the settlement of said bill of exceptions based on the ground that the same had not been served in time, and also at the same time proposed amendments to said bill. Counsel for appellants thereupon moved the court and served proper notice thereof, on opposing counsel, to the effect that they had made application to the court for an order to settle said bill of exceptions, and that defendants be relieved from the proposed objections to the settlement thereof on the ground of mistake, inadvertence, surprise and excusable neglect as set forth in two affidavits attached to said motion, which were affidavits made by defendants' attorneys.

It appears from said affidavits that the attorney for defendants, who took an active part in the preparation and trial of said cause, prepared the bill of exceptions, and that the same was ready for service some time prior to the time stipulated and agreed upon; that at that time said attorney was extremely busy with other matters and requested his partner to make service of said papers and instructed him how to make such service; that the attorney receiving such instructions had had but little experience in such matters and was not familiar with the practice in regard thereto; that said attorney failed and neglected to make said service within the time stipulated, and when that fact was ascertained by his partner, he served said proposed bill upon opposing counsel, two days after the stipulated time had expired.

The trial judge upon the showing made by said affidavits denied the motion and refused to settle said bill. It ap-

pears that no written order was made at the time said motion was denied, but thereafter the attorneys for appellants prepared an order and sent it to the judge for his signature, and it was signed by the judge. Said order is as follows:

"In the matter of the motion and application to the court, by the defendants, asking that the bill of exceptions, on appeal in the above-entitled action, with the amendments proposed thereto, be settled, allowed and certified, and thereupon filed with the clerk of said court, and that said defendants be relieved from the objection reserved by the plaintiff, on the ground of mistake, inadvertence, surprise and excusable neglect, the court having heard the argument of the attorneys for the defendants in support of said motion and the argument of the attorneys for the plaintiff in opposition thereto, and it appearing to the court that the said bill of exceptions was not served in due season by reason of the mistake, inadvertence, surprise and excusable neglect of one of the attorneys for the defendants, who was charged with the matter of preparing and serving said bill of exceptions, but that the court has no power to relieve the parties from the objections so made by the plaintiff, and the said plaintiff still insisting upon the said objection;

"It is ordered that the said motion be, and the same is, for the reasons aforesaid, hereby denied, and the application for the settlement of the said bill of exceptions is refused.

"Dated this 14th day of December, 1909.

"Filed January 6th, 1910.

"J. M. STEVENS, Judge."

On the 14th day of January, the appellants served their notice of appeal on the attorneys for respondent and on the same day filed their undertaking on appeal. It appears that a motion was made on January 28, 1910, by counsel for respondent to amend said order denying the application to settle said bill of exceptions, and it appears that said motion was granted by the trial judge. Said amended order denying the application to settle bill of exceptions is as follows:

"In the matter of the motion and application of the defendants asking that the bill of exceptions on appeal in the

above-entitled action with the amendments proposed thereto be settled, allowed and certified and thereupon filed with the clerk of said court, and that the said defendants be relieved from the objection reserved by the plaintiff to the settlement of the said bill and the court having heard the argument of attorneys for the respective parties in the matter, and having found and decided that the defendants had not shown any lawful excuse for not having served their proposed bill of exceptions on plaintiff within the time agreed upon by stipulation of the parties, and also having denied the said application to settle said bill, and the court having made said decision on the 14th day of December, 1909, and it further appearing to the court that counsel for the defendant prepared an order for the court to sign denying said motion; which said order the court signed on or about the 14th of December, 1909, which was filed with the clerk of said court on the 6th day of January, 1910, and it now appearing to the court that the said order does not correctly state the decision of the court or judge in the premises, said order filed in said cause on the 6th day of January, 1910, is hereby revoked, and it appearing to the court that no sufficient showing has been made by the defendants to authorize the settlement or allowance of the said proposed bill of exceptions of defendants. It further appearing that the court has no power to relieve the defendants from the objections made by the plaintiffs to the settlement of the said proposed bill:

"It is ordered that the said application and motion for the settlement of the said proposed bill of exceptions be and the same is hereby denied.

"Dated at Chambers, Blackfoot, Idaho, this 27th day of January, 1910.

"J. M. STEVENS, Judge."

Said amended order is not contained in the printed transcript, but is contained in and made a part of a motion made by counsel for respondents to amend the transcript by striking out the original order of the court and inserting said amended order.

Upon the foregoing facts and the affidavit of O. P. Soule, counsel for respondent now moves to strike said original order from the transcript and insert therein the amended order; and also moves to strike the transcript from the files because it does not comply with Rule 16 of the rules of this court, and on the ground that it is impossible to determine from the transcript when the judgment in this case was entered.

The transcript seems to have been printed with utter disregard of the rules of this court. It is the duty of the attorney to see that his transcript is properly printed. Press of business is not a sufficient excuse for disregarding the rules of the court. We have concluded, however, to pass upon the questions raised on this appeal, and will therefore deny the motion to strike the transcript from the files.

Respondent moves to strike out the order of the judge refusing to settle appellant's bill of exceptions and insert therein the amended order which was made after this appeal was perfected. This cannot be done, for the reason that after an appeal has been taken from an order, the trial judge or court loses jurisdiction of said matter and has no authority whatever to amend the same. (Secs. 4814 and 4817, Rev. Codes.) The motion to substitute the amended order for the original must therefore be denied.

The question is therefore presented to this court whether the judge abused his discretion in refusing to settle said bill of exceptions.

The court having found that said bill of exceptions was not served in due season by reason of the mistake, inadvertence, surprise and excusable neglect of the attorneys for the defendant, we think it was then the duty of the court to settle and allow the bill. This court held in *Sandstrom v. Smith*, 11 Ida. 779, 84 Pac. 1060, that the showing there was not sufficient under the provisions of sec. 4229, Rev. Codes, to bring the appellant within its provisions, thus intimating that if the showing had been sufficient, it would have come within the provisions of said section. However, in that case, the question as to whether a proceeding to settle a bill of ex-

ceptions came within the provisions of said sec. 4229 was not raised. Sec. 473 of the Code of Civil Proc. of California is identical with said sec. 4229, Rev. Codes, and in several California cases the supreme court of that state has held that a settlement of a bill of exceptions is a proceeding within the meaning of the provisions of that section. (*Pollitz v. Wickersham*, 150 Cal. 238, 88 Pac. 911; *Lukes v. Logan*, 66 Cal. 33, 4 Pac. 883.) We think the preparation and settlement of a statement or bill of exceptions is a "proceeding" within the meaning of the provisions of said sec. 4229, and its provisions apply to the preparation and settlement of a statement or bill of exceptions. That being true, and the court having found that the failure of appellants to serve their bill of exceptions within the time stipulated was by reason of mistake, inadvertence, surprise and excusable neglect of one of the attorneys for defendants, the court erred in not settling said bill, and the order refusing to settle the same must be reversed and the cause remanded. If the trial court through inadvertence made a mistake in said order, it had the right to correct it so long as it had jurisdiction of the matter; but when the order was appealed from, the court lost jurisdiction, and will have no jurisdiction until the case is remanded from this court.

The order appealed from is reversed and the cause remanded for further proceedings. Costs of this appeal are awarded to the appellant.

Ailshie, J., concurs.