## HILL v. LEWIS.

(170 Pac. 316.)

**Appeal and Error—Effect of Abandoning Appeal.**

1. When a party perfects an appeal and then abandons it, his
right of appeal is exhausted; the power over the subject is *functus
officio*, and cannot be exercised the second time.

From Josephine: FRANK M. CALKINS, Judge.

On motion of respondent to dismiss appeal.   Motion
allowed.

*Messrs. Blanchard & Blanchard,* for the motion.

*Mr. Oliver S. Brown, contra.*

In Banc.   MR. JUSTICE BENSON delivered the opinion
of the court.

1. Plaintiff moves to dismiss the appeal of the defend-
ant Rose Cheshire for the following reasons: The decree
of the trial court was made and entered on September 4,
1917.   Thereafter, on September 7, 1917, the defendant
Rose Cheshire served and filed her notice of appeal and
on September 17, 1917, served and filed her undertaking
on appeal.   The appeal having been perfected, she neg-
lected to file a transcript within thirty days thereafter

and subsequently on October 24, 1917, filed a second notice of appeal which was followed on November 2, 1917, with service and filing of a new undertaking and thereafter on December 7, 1917, a transcript on appeal was filed in this court. In *Schmeer* v. *Schmeer,* 16 Or. 243 (17 Pac. 864), this court held that when a party perfects an appeal and then abandons it, his right of appeal is exhausted, the power over the subject is *functus officio,* and cannot be exercised the second time. This ruling has been many times reiterated, the latest case being that of *State* v. *Keeney,* 81 Or. 478 (159 Pac. 1165). The appeal should be dismissed and it is so ordered.

APPEAL DISMISSED.