[Civ. No. 2321. First Appellate District.—February 21, 1918.]

LOUIS NATHAN, Appellant, v. JESSIE G. PORTER, as Executrix, etc., et al., Respondents.

NEW TRIAL—ORDER DENYING MOTION—RIGHT OF APPEAL—EFFECT OF CODE AMENDMENT.—An appeal from an order denying a new trial in and of itself is of no avail, where the order was made subsequent to the date of the taking effect of the amendment of 1915 to section 963 of the Code of Civil Procedure, regardless of the fact that the motion for new trial was initiated prior to the adoption and operation of the amendment.

ID.—REVIEW OF ORDER DENYING NEW TRIAL—APPEAL FROM JUDGMENT. Under section 956 of the Code of Civil Procedure, as amended in 1915, an order denying a motion for a new trial may be reviewed on appeal from the judgment.

ID.—RECORD ON MOTION FOR NEW TRIAL—TRANSMISSION TO APPELLATE COURT—PROCEDURE.—While it is true that the law as now written apparently provides no procedure for transmitting to the appellate court the record used as the basis for a motion for a new trial, in a case where an appeal from a judgment has been rightfully taken in advance of the hearing and determination of the motion, nevertheless, in the absence of such provision, it would be permissible, for the purpose of permitting the case to be disposed of on its merits rather than upon a technicality, to adopt any suitable procedure which, conformable to the spirit of the code, would achieve the desired result.

ID.—APPEAL FROM JUDGMENT—RECORD—REVIEW OF ERRORS OCCURRING DURING TRIAL.—Where the bill of exceptions used on the hearing of a motion for a new trial, duly authenticated by the trial judge, is included in the transcript which, by stipulation of counsel, constitutes the record on appeal from the judgment, and the judgment has been rightfully appealed from which involves a review of the merits of the motion for a new trial, the appellate court may upon such record discuss and decide an error of law occurring at the trial urged as prejudicial and sufficient to warrant a reversal.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

Louis H. Brownstone, and Alton M. Cates, for Appellant.

Edmund Tauszky, for Respondents.

LENNON, P. J.—Viewing the appeal as one only from the judgment and conceding the correctness of the contention that we are foreclosed, because of a technical imperfection of the record before us, from considering the sufficiency of the evidence to support the trial court's findings of fact, nevertheless we are of the opinion that that record, consisting of the judgment-roll and the bill of exceptions prepared and presented in support of the purported appeal from an order denying a new trial, will, when considered as a single record supporting the appeal from the judgment, suffice to warrant and enable a discussion and decision of the correctness of the trial court's order denying the plaintiff a new trial.

The record shows that the judgment was made and entered on the twenty-seventh day of January, 1914; that notice of appeal therefrom was served and filed on May 1, 1914; that respectively on April 14 and 15, 1914, the plaintiff served and filed his notice of intention to move for a new trial, which specified that such motion would "be made upon a bill of exceptions to be thereafter prepared," and designated as the grounds of the motion (1) the insufficiency of the evidence to justify the decision, (2) that the decision was against law, and (3) errors of law occurring at the trial; that on November 17, 1915, the court below entered an order denying the plaintiff's motion for a new trial, and that respectively on December 17 and 18, 1915, the plaintiff gave and filed his notice of appeal from the said order.

Admittedly the amendment to section 963 of the Code of Civil Procedure, which discontinued the right to appeal from an order denying a new trial save in certain excepted cases of which the present case is not one, was in operation at the time when the order denying a new trial was entered and at the time when the plaintiff purported to appeal therefrom. (Stats. 1915, p. 209, in effect August 8, 1915.) Therefore it must be held that, even though the plaintiff had initiated his motion for a new trial prior to the adoption and operation of the law limiting his right to appeal from the judgment only, the law in effect at the time of the entry of the order denying the motion for a new trial must control, and, as a consequence, the purported appeal therefrom was, in and of itself, of no avail. (*Woodruff* v. *Colyear*, 172 Cal. 440, [156 Pac. 475].)

Of course that appeal cannot be considered and, in strictness, should be dismissed, but it does not follow that a review of the merits of the motion for a new trial must fall with the attempted appeal from the order denying a new trial. The statute, section 956 of the Code of Civil Procedure, relating to the scope of an appeal from a judgment as amended contemporaneously with the amendment to the law abolishing the right to an appeal from the order denying a new trial, provides that, upon an appeal from a judgment, this court may, among other things, review "an order or motion for a new trial." (Stats. 1915, p. 328, in effect August 8, 1915.)

Although the record shows that the bill of exceptions, upon which the motion for a new trial was made and heard, was not filed as engrossed until August 30, 1915, still the record also shows that the bill of exceptions was prepared by counsel for plaintiff in the month of April, 1915, and settled, allowed, and approved by the trial judge on August 7, 1915, just one day in advance of the taking effect of the amendment abolishing appeals from an order denying a new trial.

As we read sections 650 et seq. of the Code of Civil Procedure which were likewise contemporaneously amended (Stats. 1915, p. 207) and which relate to the form and requirements of the record upon which a motion for a new trial may be based, we do not understand that the right to resort to a bill of exceptions in support of a motion for a new trial grounded upon errors of law occurring during the trial has been abrogated. But however that may be, the law at the time the plaintiff gave his notice of intention to move for a new trial gave him the right to rely upon a bill of exceptions to be subsequently prepared in support of the motion and therefore, regardless of his right to appeal from the order denying the motion, the motion itself necessarily must have been heard upon the record prepared and noticed for the hearing.

Apparently the appeal from the judgment and the purported appeal from the order were taken pursuant to the provisions of the old method of appeal and may, for the purposes of this discussion, be considered as having been taken only under that method. Having been taken under that method, doubtless counsel for plaintiff assumed, as he was justified in doing, that, under rule 2 of the supreme court (119 Pac. ix), his appeal from the judgment, even though taken in advance of the determination of his motion for a new trial, need not

be accompanied by a record showing the evidence and the rulings of the trial court until after a hearing and determination of the motion for a new trial, when, if he saw fit, the bill of exceptions used upon the hearing of the motion. would be transmitted to the higher court and there, in conjunction with the judgment-roll, be considered the record in support of the appeal from the judgment.

Manifestly the plaintiff was not required to wait until his motion for a new trial was determined before taking an appeal from the judgment. He might take that appeal separately at any time within the time prescribed by the statute and it will not do to say, as has been suggested, that, the law having deprived him of the right to appeal from the order denying the new trial but giving him thirty days after the denial of the motion to appeal from the judgment (Code Civ. Proc., sec. 939), he should, in order to bring the merits of the motion for a new trial before this court, have filed a second appeal from the. judgment. Having filed, in the first instance, a valid appeal from the judgment, the plaintiff was precluded from taking a second appeal while the first was pending and undetermined. (*Hill* v. *Finnigan,* 54 Cal. 311; *Brown* v. *Plummer,* 70 Cal. 337, [11 Pac. 631] ; *Tompkins* v. *Montgomery,* 116 Cal. 121, [47 Pac. 1006].)

While it is true that the law as now written apparently provides no procedure for transmitting to the appellate court the record used as the basis for a motion for a new trial in a case where an appeal from a judgment has been rightfully taken in advance of the hearing and determination of the motion, nevertheless, in the absence of such provision, it would be permissible, for the purpose of permitting the case to be disposed of on its merits rather than upon a technicality, to adopt any suitable procedure which, conformable to the spirit of the code, would achieve the desired result. (Code Civ. Proc., sec. 187.)

Thus, if in the present case the bill of exceptions used upon the hearing of the motion did not appear duly authenticated in the record before us, we would be privileged to bring it here upon a proper showing in response to a suggested diminution of the record. The bill of exceptions, however, duly authenticated by the trial judge, is included in the transcript which, by stipulation of respective counsel, constitutes the record upon appeal from the judgment. This being so,

and the plaintiff having rightfully appealed from the judgment which involves a review of the merits of the motion for a new trial, we have no doubt but that, upon the record before us, we may at least discuss and decide an error of law occurring at the trial which the plaintiff urges was prejudicial and therefore sufficient to warrant a reversal of the judgment.

In this connection the record shows that the trial court, over objection of plaintiff, permitted the defendants to show the expenditures of every kind and character which were made by the defendants in the operation of the oil company from the time operations commenced under the lease from the railroad company up to and including January 31, 1909. This ruling of the trial court, which in effect was a holding that any evidence of "capital expenses" incurred subsequent to the year 1906 was material, evidently was made upon the theory that the third and concluding clause of the contract in suit was meaningless, and therefore could not be considered as a part of the contract. That clause is as follows: "It is understood and agreed by and between the parties hereto that after the first four years of the first term of said lease at least one-half of the said fifteen per cent of the net proceeds derived from said business shall be paid to said first party hereto. The foregoing clause is intended to modify clauses with which it is in conflict." The date of the original lease was December 18, 1902. The date of the contract in suit was September 8, 1903, and the suit was filed February 26, 1912. Necessarily therefore the question of the correctness of the trial court's ruling involves a construction of the contract.

Section 1641 of the Civil Code provides that "The whole of a contract is to be taken together, so as to give effect to every part, if reasonably practicable, each clause helping to interpret the other." Considering and construing the contract in the light of that code requirement, some reasonable effect must, if possible, be given not only to the contract as a whole but as to the meaning and effect of the modifying clause as well.

This may be done, we think, in keeping with what may be fairly said to be the intent of the parties, by interpreting the words "net proceeds" as used in the modifying clause to mean net profits which, as the contract sufficiently indicates, were to be determined by deducting from the gross income

only the royalty and operating expenses, as distinguished and considered apart from "capital expenses."

This, it is true, might or might not have resulted in the plaintiff's receiving under the seven and one-half per cent allotted to him by the modifying clause as large a portion of the proceeds as he would have received under the fifteen per cent clause, but in any event the seven and one-half per cent would not be dependent at all upon the costs of capitalization, but only upon the sum total of royalty and operating expenses.

To hold then, as the court below did, that even after the first four years of the lease plaintiff was entitled to nothing unless not only operating expenses but also capital expenses were deducted would nullify the purpose and intent of the modifying clause. This being so, there is, it seems to us, no escape from the conclusion that the ruling complained of was erroneous and prejudicial.

This conclusion is fortified by a reference to the defendants' answer to the original complaint wherein it was admitted that there was $1,488.48 due to the plaintiff and the method of arriving at this result, as shown by the testimony of defendants' accountant, was by deducting from the net income (that is, the amount of oil produced less the royalty to the railroad) the operating expenses (as distinguished from capital expenses) and taking seven and one-half per cent of the net gain so found.

The judgment is reversed and cause remanded for a new trial.

Beasly, J., *pro tem.*, and Kerrigan, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on March 22, 1918, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 22, 1918.