(August 2, 1923.)

## CLIFFORD L. SHARP, Respondent, v. ROY BROWN, Appellant.

[217 Pac. 593.]

APPEAL—DISMISSAL FOR FAILURE TO FILE TRANSCRIPT—SECOND APPEAL WHILE FIRST IS PENDING.

1. An appeal in a civil action is subject to dismissal for failure to file transcript within time limited by the rules, or an extension thereof.

2. If the first appeal, even though valid at the time the second is taken, is thereafter abandoned or allowed to lapse, if the second has been taken in good faith and within the statutory time, and respondent is not prejudiced thereby, such second appeal will not be dismissed on the ground that a valid appeal was pending at the time the second was taken.

MOTIONS to dismiss first and second appeals from same judgment. First motion granted and appeal *dismissed;* second motion *denied.*

R. W. Katerndahl and Peterson & Coffin, for Appellant, file no brief.

C. A. Bandel and F. A. McCall, for Respondent.

Appeal No. 1 should be dismissed for failure to file transcript within the time prescribed by rules 26 and 28 of the supreme court. (*State v. Jewett,* 27 Ida. 147, 147 Pac. 288;

*Bohannon Dredging Co. v. England,* 30 Ida. 721, 168 Pac. 12; *Gates v. Todd Commercial Co.,* 36 Ida. 784, 213 Pac. 1017.)

As soon as the notice of appeal is served on the adverse party and filed in the district court, such court is ousted of jurisdiction and the supreme court acquires exclusive jurisdiction of the appeal. (*Richardson v. Bohney,* 18 Ida. 328, 109 Pac. 727; *Glavin v. Lane,* 29 Mont. 228, 74 Pac. 406.)

The first appeal was still pending at the time appellant attempted to take a second appeal and his later attempt was futile and of no effect. (*Hill v. Finnigan,* 54 Cal. 311; *DeJarnett v. Marquez,* 127 Cal. 558, 60 Pac. 45; *Klinger v. Henderson,* 137 Cal. 561, 70 Pac. 617; *Swazey v. Adair* (Cal.), 23 Pac. 284; *Brown v. Plummer,* 70 Cal. 337, 11 Pac. 631; *Schmeer v. Schmeer,* 16 Or. 243, 17 Pac. 864; *People v. Bank of San Luis Obispo,* 152 Cal. 261, 92 Pac. 481; *Tompkins v. Montgomery,* 116 Cal. 120, 47 Pac. 1006; *Robinson v. St. Maries Lumber Co.,* 32 Ida. 651, 186 Pac. 923; *State v. King,* 6 S. D. 297, 60 N. W. 75.)

DUNN, J.—In this case a motion to dismiss the first appeal is accompanied by a certificate from the clerk of the lower court reciting that judgment was entered against appellant on Nov. 22, 1922; that on Dec. 29, 1922, appellant filed and served notice of appeal from the judgment and filed undertaking on appeal. The motion to dismiss is based upon the ground that the transcript has not been filed in this court within the time prescribed by rules 26 and 28.

This motion was filed on April 24, 1923. More than 90 days having elapsed since the appeal was perfected, no extension of time having been applied for or granted, nor any showing of diligence submitted on behalf of appellant, the motion to dismiss the first appeal must be granted. (*Blumauer-Frank Drug Co. v. First Nat. Bank,* 35 Ida. 436, 206 Pac. 807; *Lake & Co. v. Bales,* 36 Ida. 142, 210 Pac. 396; *Gates v. Todd Commercial Co.,* 36 Ida. 784, 213 Pac. 1017.)

A second appeal from the same judgment was taken on Feb. 16, 1923, as shown by the certificate of the clerk attached to motion to dismiss. The ground of this motion is "that at the time said notice of appeal and undertaking were filed and served, an appeal from the judgment was pending in this court and undetermined."

In this case there is nothing in the record to indicate that the first appeal was not a valid and existing appeal at the time the second appeal was taken. At that stage of the proceedings the time for filing transcript on the first appeal had not expired.

The only explanation of the second appeal is found in the suggestion in respondent's brief to the effect that after respondent excepted to the sufficiency of the sureties on the undertaking given by appellant, the sureties failed to justify. This explanation, however, does not show any necessity for the taking of the second appeal.

Respondent argues that after the first appeal was perfected a second appeal could not be taken because the trial court was ousted of jurisdiction, citing *Richardson v. Bohney,* 18 Ida. 328, 109 Pac. 727; *Hill v. Finnigan,* 54 Cal. 311; *Brown v. Plummer,* 70 Cal. 337, 11 Pac. 631, and other cases. The following statement of the California court in the case of *Brown v. Plummer, supra,* fairly represents the view of the court so holding:

"Where there is a good and valid appeal from a judgment of the superior court pending in the supreme court, a second appeal from the same judgment is a nullity, for the reason that after the taking of the first appeal there would be nothing in the court below from which another appeal could be taken."

We think this position is due to an erroneous view as to the effect of an appeal. While an appeal undoubtedly divests the court of jurisdiction to proceed in any manner that would affect the merits of the appeal, it does not follow that "there would be nothing in the court below from which an appeal could be taken." At most, the effect of the judgment or order appealed from is only suspended, and in cer-

tain cases recognized by C. S., sec. 7155, and other sections of the Idaho Compiled Statutes, a mere appeal does not stay an execution of the judgment appealed from. These statutory provisions completely refute the contention that simply taking an appeal wholly removes the case from the trial court.

In the case of *Richardson v. Bohney, supra,* the appeal was from an order of the district court. After the appeal was perfected the court amended the order appealed from. Of course it had no jurisdiction to do such a thing. If it had it would be possible for the trial court by successive amendments of judgments or orders appealed from to prevent an appellant from getting into the appellate court, for as fast as he appealed the court could substitute a new judgment or order for the one appealed from, rendering necessary a new appeal only to be superseded by another appeal.

But the situation here is not that presented by *Richardson v. Bohney, supra.* Whether the first appeal was good or not, respondent has suffered no injury by the second, and if the first was in fact valid and the second has been taken in good faith, under the mistaken impression that the first was not valid, we think only a technical construction of the law would require us to hold that the second must be dismissed because the first, now lapsed or abandoned, was valid when the second was taken.

While probably the better practice in a case of this kind would be for an appellant, before he filed his second appeal, to take a dismissal of the first without prejudice (C. S., sec. 7169), still it is conceivable that a party might discover almost at the last moment of his time for appeal an error or omission that he would fear might be fatal to his appeal, when he would have no time to first obtain an order of dismissal without prejudice. If he then filed a second appeal in good faith, even though his fears as to the first proved not well founded, is there any reason for holding that the second must be dismissed when he has not followed up the first appeal by the filing of his transcript and has thus subjected it to dismissal, as in this case? We think not.

The rule suggested by the Ohio supreme court in the case of *Jenney v. Walker,* 80 Ohio St. 100, 88 N. E. 123, appears to us to be more reasonable and more in accord with our liberal practice. In discussing the contention that one should not be permitted to prosecute an appeal from a judgment, and at the same time prosecute error to the judgment appealed from, that court said:

"The error of such contention or claim is found in the fallacy of the premise upon which it rests, namely, that the appeal cancels and destroys the judgment. The effect of the appeal is not, as assumed by counsel, to vacate and destroy the judgment appealed from, but its only effect is to suspend such judgment, and to stay proceedings to enforce its execution. It does not operate to annul the judgment, or to otherwise impair its vitality and obligation than by merely suspending its enforcement during the pendency of the appeal."

In the case of *Pilkington v. Potwin,* 163 Iowa, 95, 144 N. W. 40, it is held that "An appellant may voluntarily dismiss an appeal once perfected and thereafter, and within six months from the date of the judgment, take a second appeal." That court evidently rejects the view held by some courts that once perfecting a valid appeal and dismissing it exhausts appellant's rights in the matter of appeal. Since an appellant under our law, if he dismisses without prejudice, may do just what the Iowa court says may be done under the Iowa law, we are unable to see any good reason for holding in this case that the second appeal must be dismissed. Respondent is in exactly the same situation as to the second appeal as if the first had been dismissed before the second was filed.

If a valid appeal is in existence when the second is taken and remains effective so that at the time a motion to dismiss is presented there are two identical appeals before the court, of course the second confers no benefit on appellant nor jurisdiction on the court not already possessed under the first, and therefore it should be dismissed.

But if the first appeal, even though valid at the time the second was taken, is thereafter abandoned or allowed to

lapse, if the second has been taken in good faith and within the statutory time, and respondent is not prejudiced thereby, such second appeal will not be dismissed on the ground that a valid appeal was pending at the time the second was taken.

The motion to dismiss the second appeal is denied. Costs to appellant.

McCarthy, William A. Lee and Wm. E. Lee, JJ., concur.