[Civ. No. 6289. Second Appellate District, Division One.—October 1, 1928.]

FRED L. RIGGS, Respondent, v. RALPH H. GUEDEMANN et al., Appellants.

Marshall A. Stutsman for Appellants.

Horace Wilson and Constan Jensen for Respondent.

CONREY, P. J.—Respondent moves to dismiss the appeal of defendants from a judgment entered against them on the 23d of July, 1928. The motion is made on the ground that appellants have not filed in this court a transcript of the record, and that the time allowed therefor by law and the rules of court has expired.

Appellants filed their notice of appeal on July 31st, and a second notice of appeal on September 4th. There has been no motion for a new trial, and no proceedings for a bill of exceptions are pending. No application for reporter's transcript under section 953a of the Code of Civil Procedure, was made until September 1st. The reporter's transcript was filed with the clerk of the superior court on September 17th and presented to the judge for approval.

The judge refused to certify the transcript, and there is not now pending any proceeding relating thereto.

The second notice of appeal was unauthorized. (*Brown* v. *Plummer*, 70 Cal. 337 [11 Pac. 631]; *Nathan* v. *Porter*, 36 Cal. App. 356, 359 [172 Pac. 170].) The forty days allowed appellant for filing his transcript of record expired on September 9th. (See Rules I and V of this court.) Counsel for appellant contends that his time to file notice requesting transcript has been extended, and in fact has not commenced to run, for the reason that, as shown by the clerk's certificate presented with this motion, notice of entry of the judgment has not been served upon appellants. This contention is without merit. It is true that section 953a of the Code of Civil Procedure, provides that the notice requesting transcript must be filed "within ten days after notice of entry of the judgment," etc., but the decisions are uniform that the filing of a notice of appeal amounts to a waiver of notice of entry of judgment, and that (in the absence of prior service of notice of entry of judgment), the time allowed for filing notice requesting transcript begins at once upon the filing of the notice of appeal. (*Fiske* v. *Gosbey*, 168 Cal. 334 [143 Pac. 611]; *Brown* v. *Superior Court*, 157 Cal. 141 [165 Pac. 429].)

The appeals are dismissed.

York, J., and Houser, J., concurred.