## EAST STANDARD MINING COMPANY, a Corpora-
tion, and MAMIE JOSEPH, Intervener, Appel-
lants, v. NOEL DEVINE, Respondent.

No. 3235

August 5, 1938.                                81 P. (2d) 1068.

*Salter & Robins,* for Appellant.

*J. W. Dignan,* for Respondent.

## OPINION

By the Court, TABER, J.:

Respondent, as·plaintiff in civil. action No. 3,470 in the Sixth judicial district court, Humboldt County, recovered a money judgment against appellant, defendant in said district court, on the 17th day of March 1938. Notice of appeal was filed and served on March

21, and on the same day appellant also filed an "undertaking on appeal," which was intended to be also an undertaking to stay execution. On April 1 following, a motion for an order staying execution was heard by said district court. This motion was opposed by respondent upon the ground, among others, that the said undertaking filed on March 21 was "defective for the purpose of staying said execution." The record does not show that any action was taken by the court on said motion, but on said first day of April defendant filed with the clerk of said district court a dismissal, without prejudice, of the said appeal taken on March 21. No order dismissing said appeal was made by the district court, nor was any application made to said court for such an order.

On said first day of April, appellant served and filed a new notice of appeal, and on the same day also filed a new undertaking on appeal, including an undertaking for stay of execution. On the same day the district court ordered that the execution of the judgment be stayed.

No contention or suggestion has been made by either party that the first notice of appeal was defective or that it was not served or filed within the time or manner prescribed by the statute; nor is it claimed by either party that the first undertaking on appeal was in any way insufficient as an appeal bond, or that it was not filed within the time limited in the statute. No exception was taken to the sufficiency of the sureties on the first appeal bond, and the time for so excepting had expired before April 1.

Transcript of the record on appeal was not filed with the clerk of this court until April 30. Rule II of the rules of this court provides that: "The transcript of the record on appeal shall be filed within thirty days after the appeal has been perfected, and the bill of exceptions, if there be one, has been settled."

Respondent has moved this court to dismiss both

appeals. He contends that if appellant could abandon the first appeal at all, such abandonment could be effected only by court order, or with his consent. As no court order was made or applied for, nor respondent's consent given to any dismissal or abandonment of the first appeal, there was, respondent argues, a valid and perfected appeal pending when appellant attempted to take a second appeal, and said attempt was therefore a nullity, and the second appeal should be dismissed. While the transcript of the record on appeal was filed in this court within thirty days after the second attempted appeal had been perfected, it was filed more than thirty days after the first appeal was perfected; and as no good cause has been shown for appellant's failure to comply with said supreme court rule II, this court should, as respondent contends, also grant his motion to dismiss the first appeal.

■ A number of California and Oregon decisions tend to support respondent's position with reference to the second appeal. Hill v. Finnigan, 54 Cal. 311; Brown v. Plummer, 70 Cal. 337, 11 P. 631; Schmeer v. Schmeer, 16 Or. 243, 17 P. 864; McCarty v. Wintler, 17 Or. 391, 21 P. 195; Little Nestucca Wagon-Road Co. v. Landingham, 24 Or. 439, 33 P. 983; Hill v. Lewis, 87 Or. 239, 170 P. 316. But the better rule, in our opinion, is that declared in Sharp v. Brown, 37 Idaho 582, 217 P. 593. In that case the court said, in part: "Respondent argues that after the first appeal was perfected a second appeal could not be taken because the trial court was ousted of jurisdiction, citing Richardson v. Bohney, 18 Idaho 328, 109 P. 727; Hill v. Finnigan, 54 Cal. 311; Brown v. Plummer, 70 Cal. 337, 11 P. 631, and other cases. The following statement of the California court in the case of Brown v. Plummer, supra, fairly represents the view of the courts so holding: 'Where there is a good and valid appeal from a judgment of the superior court pending in the Supreme Court, a second appeal from the same judgment is a nullity, for the reason that after the taking of the first appeal there would be nothing in

the court below from which another appeal could be taken.' We think this position is due to an erroneous view as to the effect of an appeal. While an appeal undoubtedly divests the court of jurisdiction to proceed in any manner that would affect the merits of the appeal, it does not follow that 'there would be nothing in the court below from which an appeal could be taken.' At most, the effect of the judgment or order appealed from is only suspended, and in certain cases recognized by C. S. sec. 7155, and other sections of the Idaho Compiled Statutes, a mere appeal does not stay an execution of the judgment appealed from. These statutory provisions completely refute the contention that simply taking an appeal wholly removes the case from the trial court. * * * Whether the first appeal was good or not, respondent has suffered no injury by the second, and if the first was in fact valid and the second had been taken in good faith, under the mistaken impression that the first was not valid, we think only a technical construction of the law would require us to hold that the second must be dismissed because the first, now lapsed or abandoned, was valid when the second was taken. * * * If a valid appeal is in existence when the second is taken, and remains effective so that at the time a motion to dismiss is presented there are two identical appeals before the court, of course the second confers no benefit on appellant nor jurisdiction on the court not already possessed under the first, and therefore it should be dismissed. But if the first appeal, even though valid at the time the second was taken,· is thereafter abandoned or allowed to lapse, if the second has been taken in good faith and within the statutory time, and respondent is not prejudiced thereby, such second appeal will not be dismissed on the ground that a valid appeal was pending at the time the second was taken." Sec. 17 of the Nevada new trials and appeals act, Stats. of Nevada 1937, chap. 32, p. 53, at page 58, corresponds to Idaho C. S. sec. 7155 mentioned in the foregoing excerpt from Sharp v. Brown.

See, also, the following: Pilkington v. Potwin, 163 Iowa 86, 144 N. W. 39; Jenney v. Walker, 80 Ohio St. 100, 88 N. E. 123; Groendyke v. Musgrave, 123 Iowa 535, 99 N. W. 144.

If there were anything in the record showing bad faith on the part of appellant, or prejudice or injury to the respondent, we would feel more disposed to grant both of respondent's motions.

The motion to dismiss the first appeal is granted; the motion to dismiss the second appeal is denied.

Costs are awarded to appellant.

## ON THE MERITS

January 4, 1939.                    85 P. (2d) 1016.

*Salter & Robins,* for Appellant:

In view of the fact that this is an appeal upon the judgment roll, and from certain orders, we are not insisting that any additional papers sent up to the supreme court be considered, in the face of the motion of respondent to strike them.

Section 6, Stats. 1935, p. 329, is free from ambiguity, stands alone, and is not modified or limited by any other statute relating to real mortgages only, or to chattel mortgages only. The mortgage involved herein is an instrument mortgaging both real and personal property, and was presented to the county recorder for recording by the mortgagee; it was recorded in a book kept by him for that purpose, Book 3 of Real and Chattel Mortgages, at page 517; it was indexed in the real estate index as deeds and other conveyances are required by law to be indexed.

*J. W. Dignan,* for Respondent:

This is an appeal upon the judgment roll alone, so that the only proper appellate record is the judgment roll, together with the notice of appeal and the undertaking on appeal. The documents which we have moved to have stricken are no part of the judgment roll, they are not incorporated in any bill of exceptions, and no one of them has any proper place in this record. Streeter v. Johnson, 23 Nev. 194, 44 P. 819.

The alleged fourth assignment of error is apparently.

intended to be an assignment of error upon the insufficiency of the evidence to support the finding and judgment dismissing the complaint in intervention. There is not one syllable of evidence in the record. Did the court dismiss the complaint in intervention because the allegations thereof were not supported by any evidence, or was it dismissed because the evidence was insufficient? There is no record here that would even suggest what the answer might be to this question.

## OPINION

By the Court, TABER, C. J.:

In November 1937 respondent (plaintiff) commenced an action against appellant East Standard Mining Company (defendant) for a money judgment, and caused certain personal property to be attached. Appellant Mamie Joseph intervened, alleging that she held a prior lien on said property by virtue of a real and chattel mortgage executed and delivered to her by defendant in May 1936 to secure an indebtedness of $10,000, of which only $6,693.57 had been repaid.

After issue joined, a trial was had by the district court, without a jury. Judgment was awarded plaintiff, on his first cause of action, in the sum of $375 with interest, and on his second cause of action, in the sum of $554.27 with interest. The complaint of the intervener was, by said judgment, dismissed.

No motion for new trial was made, either by defendant or intervener.

Defendant and intervener have appealed from those portions of the judgment which read as follows: "For the sum of Five Hundred Fifty-four and $27/100$ ($554.27) Dollars, with interest thereon at the rate of seven per cent per annum from June 1st, 1936, to and until March 7th, 1938, amounting to the sum of Sixty-seven and $87/100$ ($67.87) Dollars, on his second cause of action, being the total sum of Six Hundred Twenty-two and

$14/100$ ($622.14) Dollars on said second cause of action; and making a total money judgment in favor of said plaintiff and against the said defendant East Standard Mining Company, a corporation in the sum of Ten Hundred Thirty and $83/100$ ($1030.83) Dollars, together with costs and disbursements herein taxed by the Clerk of this Court at the sum of $122.75. It is further ordered and adjudged that the complaint of the intervenor herein, Mamie Joseph, be and the same is hereby dismissed."

Defendant has further appealed from an order denying its motion to discharge the writ of attachment, and from a minute order denying its motion to retax costs.

██ There is no bill of exceptions, hence we can look only to the judgment roll. Respondent has moved this court to strike from the record on appeal a large number of papers and documents, upon the grounds (1) that they are not a part of the judgment roll, and (2) that they have not been authenticated and incorporated in a bill of exceptions. Appellants make no claim that there is any bill of exceptions, or that any of the papers asked to be stricken have any place in the judgment roll; the motion to strike must therefore be, and is hereby, granted. Our inquiry into the matter of alleged error in the court below is thus limited to the pleadings, the copy of the finding of that court, and the copy of its judgment. Subd. 2, sec. 8829 N. C. L. 1929.

Appellants contend that the district court erred in refusing to allow a set-off in the sum of $378 against plaintiff's second cause of action—the amount allowed by the court being but $50.

The second alleged error complained of is the action of the district court in denying defendant's motion to discharge the writ of attachment.

Defendant further contends that the trial court erred in denying its motion to retax costs by striking out an item for keeper's fees amounting to $74.

█ If any error was committed by the lower court with respect to any of said three assignments of error,

such error cannot be considered on this appeal because it does not appear on the face of the judgment roll, and there is no bill of exceptions.

Appellants further assign as error the action of the district court in dismissing intervener's complaint in intervention. The question presented by this assignment appears from the following portions of the trial court's findings of fact and conclusions of law: "The court further finds that on May 24th, 1936 the defendant, East Standard Mining Company, for value received, by its duly authorized officers, made, executed and delivered to Mamie Joseph, Intervenor herein, a note in the sum of $10,000.00, and bearing interest at 6%, payable two years after date; that on the same day said East Standard Mining Company by its duly authorized officers made, executed and delivered to said Mamie Joseph a mortgage, securing said note, covering certain mining claims located in Elko County, Nevada, and also covering personal property located upon said mining claims consisting of mining machinery, pipe, rails, tools, timber, cars, engines, wells, buildings, well drilling machinery and mill machinery. That there has been paid on said note the sum of $6,693.57, leaving a balance owing upon said note of $3,306.43, with interest. That the said mortgage was filed for record at the request of Mamie Joseph on the 25th day of August, 1936, and recorded in Book 3 of real and chattel mortgages at page 517 thereof, as of said date, and that the said record was duly indexed in the real estate index as deeds and other conveyances are required to be indexed. That the said mortgage was not filed and alphabetically indexed in the proper book of indexes, but not for recordation, in the office of the recorder of Elko County, Nevada, where the property mortgaged is located at the time the mortgage was executed, and therefore the said mortgage, as to the personal property therein described, is void as against the creditors herein; and that said complaint in intervention should be dismissed, with costs in favor of the plaintiff."

We are referred by appellants to section 6 of "An act concerning county recorders, and defining their duties," sec. 2110 N. C. L. 1929, as amended, Stats. of Nevada 1935, chap. 148, pp. 328, 329. Said section reads as follows: "Whenever an instrument conveying, encumbering or mortgaging both real and personal property shall be presented to any county recorder for recording, the said county recorder shall record such instrument in a book kept by him for that purpose, which record must be indexed in the real estate index as deeds and other conveyances are required by law to be indexed, and for which he may receive the same fees as are allowed by law for recording and indexing deeds and other instruments, but only one fee for the recording of such instruments shall be collected." Said act of 1935, amending said section 6, as aforesaid, contains this further provision: "All acts and parts of acts in conflict with the provisions of this act are hereby repealed."

Said section 6, as originally enacted (Stats. of Nevada 1921, chap. 92, p. 157, N. C. L. 1929, sec. 2110), provided that the record of an instrument conveying, encumbering or mortgaging both real and personal property, "must be indexed in *both* the real estate index *and the personal property index,* as deeds and other conveyances are required by law to be indexed * * *." (Italics ours). In other words, the only change made in said section 6 by the 1935 amendment consisted in the omission of the requirement that such records must be indexed in the personal property index. The reason for said change in section 6 becomes apparent when we consider certain other legislation enacted by the same (1935) legislature.

Section 1 of chap. 116, Stats. of Nevada 1935, p. 242, amends the title of the act of March 8, 1923, "concerning mortgages of personal property, providing for their recordation, and other matters relating thereto, and repealing all acts or parts of acts in conflict herewith" (Stats. of Nevada 1923, chap. 91, p. 153; vol. 1 N. C. L.

1929, p. 288), by changing the word "recordation" to "filing." Section 2 of said act of 1923 (sec. 986 N. C. L. 1929), as amended, Stats. of Nevada 1935, chap. 116, p. 243, reads as follows: "Every mortgage, deed of trust or other instrument which creates a lien upon personal property, crops, or chattels, even though real property be included therein, is a chattel mortgage within the terms of this act, and when the same is executed, as required by this act, shall be entitled to filing as provided for in this act."

Section 3 of said act of 1923 (sec. 987 N. C. L. 1929), as amended, Stats. of Nevada 1935, chap. 116, p. 243, is as follows: "A mortgage of personal property or crops is void as against creditors of the mortgagor and subsequent purchasers or encumbrancers of the mortgaged property in good faith and for value, unless the mortgage, or a copy thereof certified to be such by a notary public or other officer authorized to take acknowledgments, or an executed counterpart of such mortgage, is filed, but not for recordation, in the office of the recorder. * * * A mortgage of personal property or crops when so filed operates as constructive notice to all persons of the contents thereof."

Said section 3 was again amended on March 19, 1937, p. 162, c. 87, by adding, after the word "filed," in both of the two places where that words occurs in said section, the words "and alphabetically indexed in the proper book of indexes."

We refer also to the wording of sections 4 and 5 of the 1923 act (secs. 988 and 989 N. C. L. 1929, as amended, Stats. of Nevada 1935, chap. 116, pp. 243, 244), and to that of chap. 119, Stats. of Nevada 1935, pp. 247–251, chap. 121, Stats. of Nevada 1935, pp. 253–255, and chap. 123, Stats. of Nevada 1935, pp. 258, 259.

■■ It appears from the judgment roll that the requirements of amended section 3 of the chattel mortgage act of March 8, 1923, were not complied with in this case. Said amended section was not repealed or superseded by chap. 148, Stats. of Nevada 1935, pp. 328,

329. The district court was therefore right in dismissing said complaint in intervention.

No motion for a new trial having been made in this case; there being no bill of exceptions in the record on appeal, and no error appearing in the judgment roll, the judgment and orders appealed from must be, and are hereby, affirmed, with costs to respondent.