LUISA PILLOT, Plaintiff and Appellee, *v.* WHITE STAR BUS LINE, INC., Defendant and Appellant.

No. 8312.   Argued February 10, 1941.—Decided February 27, 1941.

*Celestino Iriarte, F. Fernández Cuyar, H. González Blanes* and *F. Alvarado, Jr.,* for appellant; *Ciro Malatrasi, Jr.* and *Víctor M. Marchán,* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

The question to be decided in this case is whether or not the term of 10 days granted by Section 299 of the Code of Civil Procedure, as amended in 1939, p. 574, to request—in

order to perfect an appeal filed against a judgment of a district court—"the making and preparation of a transcript of the testimony offered and taken, of the evidence offered and admitted, and of all decisions, rulings or statements of the court, as well as of all objections and exceptions of the attorneys and questions or matters related thereto," may be extended or a new term granted if it has elapsed.

This question is raised by the appellee in a motion praying for the dismissal of the appeal because the transcript has not been filed in time. Her position is as follows: The appeal was filed on December 16, 1940. On January 16, 1941, the transcript had not been filed, the term of 30 days granted by Section 299 for the filing of said transcript having in consequence elapsed. The law has not been complied with and therefore the appeal should be dismissed.

The appellant alleges that the appeal should not be dismissed because the term of 30 days has not begun to run, according to the provisions of Section 299, since the preparation of the transcript of the evidence is pending in the district court. To this the appellee answers that although it is true that the lower court gave the appellant an extension of time *nunc pro tunc* until December 30, 1940, to file its petition, said extension is null and void, because it was prayed for four days after the term of ten days had lapsed and that therefore the court had no jurisdiction to grant it.

The truth is that the term lapsed on December 26, 1940; that the petition for an extension was filed on December 30, 1940; that on January 21, 1941, the appellant filed another motion explaining the delay of four days and praying the court to exercise in its favor the discretion given to it by Section 140 of the Code of Civil Procedure; and that the Court on February 7th rendered an order, in the last paragraph of which it is said as follows:

"We therefore conclude that this court has the power to grant the extension prayed for, and as this is a meritorious case, in the

exercise of our discretion, we grant the defendant an extension *nunc pro tunc* until December 30, 1940, to file its request for the preparation of the transcript of the evidence.''

As the result of these facts, if the district court had jurisdiction, the dismissal does not lie, and if it did not, the motion should be granted.

Is this a fatal term which cannot be extended or renewed?

This Court, in *Peña* v. *Vergne,* 38 D.P.R. 1050, in a *per curiam* decision, said in refusing to dismiss an appeal: ''*Whereas,* the term set by law to request the Court to order the stenographer to prepare the transcript of the evidence is extendable'', and later in deciding a motion to reconsider stated as follows:

'' . . . The theory of the appellees apparently is that the order on the stenographer should first be obtained and then the time extended; that the time itself for obtaining such an order could not be extended. We think it too plain for further argument that the time for imposing a duty can be extended as well as the time for performing the duty once imposed. This was the only proposition advanced by the motion to dismiss that we considered important or worthy of special treatment.'' *Peña* v. *Vergne de la Concha,* 38 P.R.R. 890.

The appellee alleges that this decision is not applicable because the law has been changed and that the present law shows a clear intention on the part of the legislator that the term be unextendable.

It is true that in 1928, when the opinion in the case of *Peña* v. *Vergne, supra,* was rendered, Section 299, as it had been amended in 1919, stated as follows: ''After filing an appeal from a judgment of a district court, the appellant must, within ten days from the date of the filing thereof, or of the extension of time in case the same should be granted by the court, present . . . '' and now after the amendment of 1939, it states: ''After filing an appeal from a judgment of a district court, the appellant must, within ten days from the date of the filing thereof, present . . . '', so that the words ''or of the extension of time in case the same should be

granted by the court'' were eliminated and this elimination is invoked by the appellee as revealing the intention of the legislator.

In our opinion said elimination does not have the scope given to it by the appellee. We believe that as the term involved is by its nature extendable, there was no necessity to give the court the power to extend it in appropriate cases. What the legislator did was to eliminate from the law something that was useless, leaving it substantially as it was in regard to that point.

In this case, however, a mere extension is not involved. The term had lapsed and it is known that lapsed terms can not be extended. If we took time to analyze the question it was to fix the extendable nature of the term involved. In appeals there is only one jurisdictional, unextendable term and it is that given by law for the filing of appeals. (*González* v. *Príncipe et al.*, 10 P.R.R. 481; *Pérez* v. *Succesion of Collado*, 19 P.R.R. 348; *Noriega* v. *Heirs of Colón*, 40 P.R.R. 431; *Ríos* v. *Díaz*, 54 P.R.R. 662). The rest, unless the law expressly states the contrary, are extendable. (*People* v. *Borda & Calaf*, 43 P.R.R. 897; *Municipality of Guayanilla* v. *Public Service Commission*, 51 P.R.R. 362.)

The effect of the order rendered by the district court on February 7, the last paragraph of which we copied, is the concession of a new term. Did it have authority to grant it?

In our opinion the question should be answered affirmatively. The appellant invokes Section 140 of the Code of Civil Procedure and this Court in the case of *Báez* v. *Honoré*, 56 P.R.R. 30, through its Associate Justice Mr. Hutchison, stated as follows:

"The district court, after reciting the facts substantially as set forth in appellant's motion, invoked in support of its action not only the inherent power of the court to correct its own records but also the powers conferred by Section 140 of the Code of Civil Procedure. The order provided that the orders of April 10 and the order of April 15 should be understood as having been made *nunc*

*pro tunc* 'so as to direct the stenographer to make a transcript of his stenographic notes and so as to grant extensions of time to appellants within which to file their statement of the case—it being understood that appellants have recourse to Act No. 70, approved March 9, 1911, and not to the Act regulating appeals in criminal cases.' ·

"It may be conceded that this order cannot be sustained as a mere *nunc pro tunc* correction of a clerical mistake in the previous orders. For the purposes of this opinion, it may be conceded also that the previous orders can hardly be construed as extensions of time within which to file a statement of the case. The question is whether the district court under Section 140 of the Code of Civil Procedure had the power to relieve appellants from the effect of these orders considered as extensions of the time within which the stenographer was required to transcribe his notes and to deliver a copy of the transcript to counsel for appellants. ·

"In *Pardo* v. *Pardo*, 19 P.R.R. 1125, a majority of this Court, as constituted in 1913, held as stated in the headnotes, that:

" 'The provisions of our statute regarding the time for filing a statement of the case must be construed strictly. ·

" 'Section 140 of the Code of Civil Procedure does not authorize a district court to admit a statement of the case after the legal period has expired. The word "proceeding" to which the said section refers is a proceeding in the trial court and does not include proceedings for perfecting an appeal.'·

"The opinion points out certain insignificant differences between our Code of Civil Procedure and the California Code. Neither these slight differences nor any disposition on the part of this Court 'to speed the consideration of the causes before it' furnish a sufficient reason for refusing to follow the construction placed on the California statute prior to the date of its adoption by our Insular Legislature.''

The facts and circumstances of the case of *Pardo* v. *Pardo, supra,* are analyzed and several opinions of this Court are cited in which its *dicta* were followed and the case continues:

"Since these cases were decided, the personnel of the Court has been changed. The question is now presented for the first time before the Court as now constituted. After further consideration and discussion we have come to the conclusion that the cases heretofore decided should be overruled.

"In 8 Bancroft's Code Practice and Remedies 9027, section 6832, we read:

" 'A party may be relieved from his default in failing to serve, file or present a bill of exceptions within the time prescribed under a statutory provision authorizing a court, upon such terms as may be just, to relieve a party from a judgment, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect. The authority to grant relief conferred by the statute may be exercised only when it is set in motion by an application supported by a showing or mistake, inadvertence, surprise or excusable neglect, upon which the court can base findings for or against the application; a mere statement by way of conclusion in an affidavit that counsel's failure to obtain an extension of time was due to inadvertence and excusable neglect is insufficient to invoke the jurisdiction of the court.

" 'Any doubt that may exist should be resolved in favor of the application, to the end of securing a hearing upon the merits, provided a proper showing under the statute has been made, and an appellate court will be less inclined to reverse an order granting than one refusing such an application. But the trial court's discretion should be based upon its own fair and reasonable inferences drawn from the showing of actual facts in the particular case before it. The relief may be granted upon conditions.' "

Then follow citations from 4 C.J.S. 1364, Sec. 869, 2 Cal. Jur. 563, Bancroft's Supplement, Sec. 6832, and the following is said:

"In California 'a settlement of a bill of exceptions is a "proceeding" within the meaning of the provisions of Section 473.' *Pollitz* v. *Wickersham,* 150 Cal. 238; *Lukes* v. *Logan,* 66 Cal. 33.

"In *George B. Leavitt Co.* v. *Couturier,* 23 P. (2d) 1101, the Supreme Court of Utah said:

" 'It is the settled law in this jurisdiction that a district court may, pursuant to the provisions of Comp. Laws Utah 1917, Sec. 6619, upon proper application and showing, relieve a party from default in failing to keep alive the time in which to prepare, serve, and file a bill of exceptions.' "

Paragraphs are then copied from the opinions in the cases of *Morgan* v. *Oregon R. R.,* 74 Pac. 523, and *Richardson* v. *Bohney,* 109 Pac. 727, and the opinion ends as follows:

"The district court, under Section 140 of the Code of Civil Procedure, had the power to excuse the failure of appellants through mistake, inadvertence, and neglect to request—in their motions for an order directing the stenographer to make and deliver a transcript and for extensions of time within which to make and deliver such transcripts—an extension of time within which to file a statement of the case. It also had the power to relieve appellants from the effect of the orders directing the stenographer to make and deliver a transcript and extending the time within which the stenographer was to make and deliver such transcript, without extending the time within which appellants might prepare and file a statement of the case."

A short time later this Court, in the case of *Municipality v. De la Fuente,* 56 P.R.R. 100, decided, copying from the syllabus, that:

"District courts are authorized under Section 140 of the Code of Civil Procedure to grant, either expressly or implicitly, according to the attendant circumstances, a new term for filing the transcript of the evidence even though the application for extension is filed after the expiration of the former term."

Therefore, as the district court had jurisdiction to grant the new term in question the truth is that the preparation of the record of the appeal is as yet pending before said court and as the law provides (Section 299 of the Code of Civil Procedure, as amended by Act No. 11, of 1939, pages 574, 578) that said record "shall be filed in the office of the Secretary of the Supreme Court within the next thirty days following that on which the transcript of the evidence was approved," the motion to dismiss has no basis and must therefore be denied.

Mr. Justice Todd, Jr., took no part in the decision of this case.